UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ROBERT ROSS, ET AL.                          CIVIL ACTION

VERSUS                                       NO: 11-1827

JOHN DIGIOIA, JR., ET AL.                    SECTION: R(2)


                         **ORDER AND REASONS**

    Before the Court is defendants' motion to dismiss the plaintiffs' complaint for improper venue.[1]  Because the Court finds that venue is improper in this district as to defendant Elite Outdoor Kitchen, LLC, but venue is proper as to plaintiffs' claims against defendant John Digioia, defendants' motion is GRANTED in part and DENIED in part.


**I.   BACKGROUND**

    This dispute arises out of a failed real estate construction and management agreement between plaintiffs, Lisa and Robert Ross (the Rosses), and defendant, John M. Digioia (Digioia).  Digioia is plaintiff Lisa Ross's brother.

    In early 2009, the Rosses and Digioia began discussing the possibility of entering into a real estate development and management agreement.  Plaintiffs allege that they paid for

---

    [1]    R. Doc. 14.

Digioia to travel to New Orleans in order to attend a Trump University Real Estate course in July of 2009.  The parties discussed the details of the agreements during this and three other visits Digioia made to New Orleans.  Plaintiffs allege that Digioia came to New Orleans during Easter of 2009 and 2010 and also visited in early 2011.  The general idea of the agreement was that Digioia would select distressed properties in Florida, the Rosses would buy the properties, and then Digioia would repair and manage the properties.  Plaintiffs allege that Digioia persuaded them that buying property in Orlando and allowing Digioia to oversee the renovations would be lucrative.  Plaintiffs compensated Digioia for his services through a ten percent general contractor fee for all property construction[2] and a ten percent management fee.  The parties did not execute a written contract.  Plaintiffs allege that after reaching an oral agreement with Digioia, they spent $760,000 to purchase five properties in Orlando.  Plaintiffs then transferred the properties to five Louisiana limited liability corporations (ABR Investments, ABR Investments-2, ABR Investments-3, ABR Investments-4 and ABR Investments-5) formed exclusively for this purpose.

---

[2]    Later, this fee increased to eleven percent.

Plaintiffs assert that Digioia grossly mismanaged the renovations of the properties and failed in his management duties once construction was completed. At the end of April 2011, the Rosses went to Florida to inspect the properties. Following this trip to Florida, the Rosses terminated the management relationship with Digioia. Plaintiffs allege that in response, Digioia sent them an email on July 4, 2011 that "declared war." They also allege that Digioia sent them an email on July 23, 2011 in which he stated that plaintiffs owed him $127,000 for construction costs. Plaintiffs contend that they do not owe Digioia any money. Moreover, they argue that at the end of the construction period Digioia owed plaintiffs money. In 2008, plaintiffs loaned Digioia $10,000. The loan note is governed by Louisiana law and provides for repayment at a rate of $250 per month. Plaintiffs contend that at the end of the construction period, Digioia still owed $2,800 of the $10,000 note. At that time, plaintiffs wrote Digioia a check for an additional $2,000. Plaintiffs assert that some of Digioia's management fees were deducted from the balance of the loan, and that the current outstanding balance is $3,400.

On July 28, 2011, plaintiffs filed a complaint against Digioia and Elite Outdoor Kitchen, LLC ("Elite") alleging unfair and deceptive trade practices, negligent misrepresentation,

breach of contract, and detrimental reliance.  Plaintiffs seek damages and a declaratory judgment.[3]  Defendants then filed this motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer the case to the Middle District of Florida or the Ninth Judicial Circuit for the State of Florida.  Plaintiffs oppose the motion.

**II.   STANDARD**

*A. 12(b)(3) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(3) states that a party may move the court to dismiss for "improper venue."  FED. R. CIV. P. 12(b)(3).  Dismissal for improper venue is governed by 28 U.S.C. § 1406.  Under that statute, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

When venue is challenged, the burden is on the plaintiff to establish that the district he chose is a proper venue.[4]  *See*

---

[3]    R. Doc. 1.

[4]    The Court recognizes that the jurisprudence of federal district courts in the Fifth Circuit on the question of which

4

*Perez v. Pan American Life Ins. Co.*, 1995 WL 696803, at *2 (5th Cir. Oct. 20, 1995) (citing *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F.Supp. 519, (N.D. Tex. 1990) ("When an objection to venue has been raised, it is the Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought."). On a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Services, Co. v. Modec (USA), Inc.*, 2007 WL 1425851, at *2 (5th Cir. 2007). Further, in deciding whether venue is proper, the court may look outside of the complaint and its attachments. *Ambraco Inc. v.*

---

party bears the burden of proof on a Rule 12(b)(3) motion to dismiss for improper venue is inconsistent. *Compare LAS Enters., Inc. v. Accu-Systems, Inc.*, 2011 WL 6697043, at *4 (E.D. La. Dec. 20, 2011) (holding that the movant bears the burden of demonstrating that venue is defective), *and Halter Marine, Inc. v. Padgett-Swann Mach. Co., Inc.*, 1996 WL 361528, at *4 (E.D. La. Jun. 27, 1996) (stating that the defendant bears the burden of proving that venue is improper), *with Langton v. CBeyond Commc'n, L.L.C.*, 282 F.Supp. 2d 504, (E.D. Tex. 2003)("Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff"), *and Smith v. Forenberry*, 903 F.Supp 1018, 1020 (E.D. La. 1995) (holding that when an objection is raised, plaintiff carries the burden of showing that venue is proper). Wright and Miller counsel that "the better view and the clear weight of authority, is that when an objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue." WRIGHT & MILLER, 14D FEDERAL PRACTICE & PROCEDURE, § 3826; *see also Vaughn Med. Equip. Repair Serv., L.L.C. v. Jordan Reses Supply Co.*, 2010 WL 3488244, at *4 n.3 (acknowledging the split in authority and holding that the burden is on the plaintiff).

*Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied*, 130 S.Ct. 1054 (2010).

The general rule is that venue must be established for each cause of action. *See Tucker v. United States Dep't of Army*, 1994 WL 708661, at * 2 (5th Cir. Dec. 6, 1994) (noting the district court's reliance on the general rule that venue must be proper as to each distinct cause of action); *Burkitt v. Flawless Records*, 2005 WL 6225822, at *3 (E.D. La. Jun. 13, 2005) ("The general rule is that venue must be established for each separate cause of action) (citing *Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir. 1984); *see also* WRIGHT & MILLER, 14D FEDERAL PRACTICE & PROCEDURE, § 3808 ("[I]n a case in which multiple claims are joined, the general rule that has been recited in a significant number of cases is that venue must be proper for each claim."). Venue must also be established for each defendant. *See Burkitt*, 2005 WL 6225822, at *3 (E.D. La. Jun. 13, 2005) (holding that venue must be established for each defendant) (citing *McCaskey v. Cont'l Airlines, Inc.*, 133 F.Supp. 2d 514, 523 (S.D. Tex. 2001) ("It is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant")); see *also* WRIGHT & MILLER, 14D FEDERAL PRACTICE & PROCEDURE, § 3808 (explaining that for transactional venue, the

transactional district must be proper for each of the parties).

   *B. Venue in Diversity Cases*

   Because the Court's jurisdiction in this matter is based on diversity of citizenship, venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  To be a proper venue under Section 1391(a)(2), the chosen venue does not have to be the place where the most relevant events took place, but the selected district's contacts still must be substantial.  *McClintock v. Sch. Bd. East Feliciana Parish*, 229 Fed. Appx. 363, 365 (5th Cir. 2008) (holding that venue was improper because "no events, let alone a 'substantial part of the events' occurred in the chosen district") (citing David D. Siegel, *Commentary on 1988 and 1990 Revisions of Section 1391*, in 28 U.S.C.A. § 1391 (2006)); *see also Daniel v. American Bd of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (explaining that venue can be appropriate in more than one district, and "Section 1391(a)(2) does not restrict venue to the district in which the 'most substantial' events or

7

omissions giving rise to a claim occurred.").

## III. DISCUSSION

*A. Venue is Improper in this District as to Defendant Elite Outdoor Kitchens, LLC*

The Court finds that venue is improper in this district as to defendant Elite. Plaintiffs do not make any allegations against Elite on which to predicate venue. The only information plaintiffs provide about Elite in their complaint is that it is Digioia's company. Plaintiffs do not allege that Elite was a party to the agreement between the Rosses and Digioia, that Digioia acted as an agent for Elite, or that Elite had any involvement whatsoever with the facts giving rise to plaintiffs' claims. Because the complaint does not assert any allegations against Elite, the Court cannot find that a substantial part of the events or omissions giving rise to plaintiffs claims against Elite occurred in this district. *See* 28 U.S.C. § 1391(a)(2). Accordingly, the Court finds that venue is improper as to Elite, and Elite is dismissed from this suit.

*B. Venue is Proper in this District as to Defendant Digioia*

The Court finds that venue is proper in this district for plaintiffs' claims against Digioia for unfair trade practices, negligent misrepresentation, and detrimental reliance.

Plaintiffs assert that Digioia made the allegedly false statements that form the basis of plaintiffs' claims for unfair trade practices, negligent misrepresentation, and detrimental reliance when he was in New Orleans.  Accordingly, a substantial part of the events giving rise to these claims occurred in this district.

Although it is a much closer question, the Court finds that venue is also proper in this district for plaintiffs' breach of contract claims against Digioia.  Venue is proper in an action for breach of contract "at the place of performance."  *American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. 1981).  The Court may also consider factors such as  "where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred."  WRIGHT & MILLER, 14D FEDERAL PRACTICE & PROCEDURE § 3806.1.  In this case, the contract was performed and allegedly breached in Florida, but plaintiffs assert that the agreement was "confected" when Digioia was in Louisiana.  Plaintiffs assert that the parties negotiated the specifics of the agreement during Digioia's visits to New Orleans.  *See Sacody Techs., Inc. v. Avant, Inc.*, 862 F.Supp. 1152, 1157 (S.D.N.Y 1994) ("The standard set forth in § 1391(a)(2) may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a

9

sufficient relationship between the communication and the cause of action."). Further, plaintiffs contend that Digioia performed the contract through the use of funds originating in Louisiana. He used a checkbook linked to a Louisiana bank account and a credit card billed to plaintiffs' Louisiana address to pay for items related to the renovations of the Florida property.[5]

The Court finds that in this case the contract negotiations that occurred in this district, the financing that came from this district, and the harm felt by the plaintiffs in this district, are sufficient to ground venue for plaintiffs' breach of contract claim against Digioia here. *See, e.g., Fox v. Dream Trust*, 743 F.Supp. 2d 389, 396 (D.N.J. 2010) (holding that negotiations regarding a loan conveyed through a third party to a party within the forum was sufficient to make the forum a proper venue under Section 1391(a)(2)); *Promero v. Mammen*, 2002 WL 31455970, at *8

---

[5] Plaintiffs also cite the existence of a promissory note executed in Louisiana as further evidence supporting their assertion that venue is proper in this district. Plaintiffs do not allege that the promissory note was a part of the construction and management agreement. Indeed, the note was a pre-existing agreement between plaintiffs and Digioia. Accordingly, that note and any outstanding balance on that note is not an event giving rise to plaintiffs' breach of contract claim, and the Court will not consider it when determining whether venue is proper under Section 1391(a)(2).

(N.D. Ill. Nov. 1, 2002) (finding that a substantial portion of events giving rise to plaintiff's claims occurred in Illinois when the defendant engaged in discussions related to the contract while in Illinois, contract negotiations involved various communications to and from Illinois and the subject of the contract was a potential investment in Illinois); *Computer Express Int'l Ltd. v. MicronPC LLC*, 2001 WL 1776162, at *4 (E.D.N.Y. Dec. 21, 2001) (determining that venue was proper under Section 1391(a)(2) in part because numerous communications concerning the terms of sale either originated in the district or were made to the plaintiffs in the district); *Etienne v. Wolverine Tube, Inc.*, 12 F.Supp.2d 1173, 1181 (D. Kan. 1998) (holding that venue was proper in Kansas, even though the contract was to be performed in Alabama, when the negotiation and execution of the contract took place through communications directed into Kansas); *but see Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 n.2 (2d Cir. 2005) (explicitly declining to decide "whether the negotiation and issuance of a contract in a given judicial district, standing alone, is sufficient to lay venue in that district). Although the negotiations of the contract were not the *most* substantial events giving rise to plaintiffs'

11

claims, but neither were the negotiations insubstantial. The Court finds that the negotiation of the contract, which occurred in this district, bears a close relationship to plaintiffs' breach of contract claim. When considered in conjunction with the financing that came from New Orleans and the financial harm felt by the plaintiffs in this district, the Court finds that substantial events giving rise to plaintiffs' breach of contract claims occurred in this district. Venue, therefore, is proper in the Eastern District of Louisiana for plaintiffs' breach of contract claim against Digioia.

   *C. Transfer*

   Defendants request a dismissal or transfer on the basis of *forum non conveniens*, but this common law doctrine has limited applicability following the enactment of Section 1404. *See American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994) (stating that as a consequence of the enactment of Section 1404, "the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad."). Further, the doctrine does not authorize the Court to make a transfer to another district. *Forum non conveniens* permits a court to dismiss an action when another forum is clearly more convenient, but it does not authorize a district

12

court to *transfer* the case. Transfers from one federal district to another are now governed exclusively by Section 1404 (when venue is proper in the transferor district) and Section 1406 (when venue is not proper in the transferor venue). Because the Court has found that venue is proper in this district for plaintiffs' claims against defendant Digioia, the only possibility for transfer is through Section 1404(a). *See* 28 U.S.C. § 1404(a).

A district court may transfer an action to any other district where the plaintiff could have filed suit "for the convenience of the parties and the witnesses" when such a transfer is "in the interest of justice." 28 U.S.C. § 1404(a). Although plaintiffs' choice of forum is important, it is not determinative. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*In re Volkswagen II*) (explaining that under Section 1404(a) the plaintiff's choice of forum is to be considered, but also noting that "the statute requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'") (citing *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983)). The defendant moving to transfer venue must first demonstrate that the plaintiff could have brought the action in the transferee court initially. *See*

13

*Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("[t]he power of a District Court under section 1404(a) to transfer an action to another district is made to depend...upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*)("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). The defendant must then show "good cause" for transfer. *In re Volkswagen II*, 545 F.3d at 315 (explaining that the "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled); *see also* 28 U.S.C. § 1404(a). To show good cause, a defendant must satisfy the statutory requirements and clearly demonstrate that the transferee venue is more convenient for the parties and witnesses. *Id*.

In deciding a transfer motion, the district court must consider the private and public interest factors enunciated in *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508 (1947). *See In re Volkswagen II*, 545 F.3d at 315. The private interest factors include: (1) the relative ease of access to sources of proof; (2)

14

the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *In re Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interest decided at home; (3) the familiarity of the forum with the law that will govern the case; (4) the avoidance of unnecessary problems of conflict of laws or application of foreign law. *Id.* These *Gilbert* factors "are appropriate for most transfer cases, [but] they are not necessarily exhaustive or exclusive." *Id.* Nor is any one factor dispositive. *Id.* One of the most important factors in the Section 1404(a) analysis is the inconvenience for non-party, non-expert, non-resident witnesses. *See Hills v. Brinks, Inc.*, 2008 WL 243944, at *5 (E.D. La. Jan. 25, 2008) (explaining that the availability of witnesses and the convenience of the venue for witnesses are important factors the court should consider when deciding whether to grant a transfer under Section 1404(a)). The preferred method of proof of the burden on witnesses is through the submission of affidavits, although affidavits are not

15

required.  *See In re Volkswagen II*, 545 F.3d at 317, n.12 (explaining that affidavits are not required to demonstrate inconvenience).

Because defendants have not properly moved for a transfer on the basis of Section 1404(a), the Court will not consider the merits of such a motion at this time.

*D. Notice to Plaintiffs*

Finally, plaintiffs are on notice that the Court is disturbed by their unnecessarily prolix and unprofessional pleadings.  The pleadings contain pages of irrelevant factual assertions designed to poison the well, or prematurely argue the merits, which in any event are unrelated and unnecessary to the issue now before this Court.  These rambling pleadings with vituperative name-calling are a burden on the Court and will not be accepted.  Plaintiffs are directed to focus on the issues relevant to their claims.  If plaintiffs fail to confine their briefings to the issues at hand, the Court will shorten the page limits applicable to further filings and consider any other sanction that may be appropriate under the circumstances.

## IV. CONCLUSION

Because venue is improper as to defendant Elite, the Court GRANTS defendants' motion in part and dismisses Elite from this case without prejudice.  Because venue is proper as to plaintiffs' claims against Digioia, the Court DENIES defendants' motion as it relates to those claims.

New Orleans, Louisiana, this 10th day of January, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

17